In the Matter of RAYMOND FRANCIS WOLFRAM, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 17, 1988

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Muriel L. Gennosa* of counsel), for petitioner.

*Lyman & Tenenbaum (Irving Tenenbaum* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on March 15, 1978. In this proceeding the Special Referee sustained four charges of misconduct alleged against the respondent. Charges one and five of the petition were withdrawn by the petitioner. The petitioner moves to confirm the report of the Special Referee, and the respondent has submitted an affirmation in response.

Charges two, three, four and six of the petition were sustained by the Special Referee. Charge two of the petition alleged that respondent neglected a divorce matter entrusted to him by failing to file the papers necessary to obtain the divorce or to otherwise complete the divorce proceeding. Charge three of the petition alleged that respondent neglected a legal matter in that he failed to provide an accounting of the $17,500 he held in escrow resulting from the sale of the marital premises of the clients represented in charge two. One of those clients was forced to retain another attorney who obtained an order to show cause directing the respondent, *inter alia,* to deliver relevant papers and provide an accounting. The respondent failed to respond to that order. Charge four of the petition alleged that the respondent converted client funds to his own use by drawing five checks against his escrow account totaling $1,667.99 without the authorization of the parties involved in the escrow deposit. Charge six of the petition alleged that the respondent failed to cooperate with the petitioner Grievance Committee in its investigation of the complaint.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed we have taken into consideration the mitigating circumstances set forth by the respondent at the hearing of this matter including the fact that the $1,667.99 converted was loaned to a dying uncle and these funds were replaced several weeks later. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent

should be, and hereby is, suspended from the practice of law for a period of five years commencing November 1, 1988, and until further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SULLIVAN, JJ., concur.